The Honorable Marvin Childers State Representative 608 South Estate Drive Blytheville, AR 72315-8005
Dear Representative Childers:
I am writing in response to your request for an opinion concerning absentee ballot applications. You state that you seek clarification of A.C.A. § 7-5-405 (c), which provides that "[a]ny person may distributeblank applications for absentee ballots." (Emphasis added). You state further that you interpret this provision to allow voters to apply for an absentee ballot by mailing pre-printed absentee ballot applications prepared by a political party or campaign. You have provided a copy of a document entitled "Application for Absentee Ballot" which you identify as a pre-printed, "personalized" application that was prepared by the Arkansas Democratic Party in 2002. The document contains the applicant's voting precinct, her name and address, a choice of statements why she is requesting an absentee ballot, the election in which she wishes to cast a ballot, and entries for her dated signature attesting to the correctness of the information under penalty of perjury and her birth date. It also affords the opportunity to include other mailing information.
You have asked me to confirm that the document you have provided is a permissible method of applying for an absentee ballot, and that Arkansas law permits parties and campaigns to distribute absentee applications similar to this document.
RESPONSE:
It is my opinion that A.C.A. § 7-5-405 (c) does not apply to the document you have submitted. The document is likely authorized, however, by another Code section, A.C.A. § 7-5-403 (Supp. 2003). Additionally, it is my opinion that political parties and campaigns may distribute this or similar documents.
In addressing this matter, I must note initially that the Code provision you have cited, subsection (c) of A.C.A. § 7-5-405, applies, in my view, to absentee ballot applications forms that are prescribed by the Secretary of State and furnished by the county clerk pursuant to §7-5-405 (Supp. 2003). Section 7-5-405 is addressed exclusively to such applications, which must contain the information that is set forth in that Code section. The Secretary of State prescribes the form or forms, and the county clerk furnishes the applications "at least sixty (60) days before the election." A.C.A. 7-5-405 (a) (1). In my opinion, the "blank applications" to which subsection (c) of § 7-5-405 refers (see language above) are those applications that have been prescribed by the Secretary of State in conformance with § 7-5-405 and furnished by the county clerk. The statute authorizes anyone to distribute these blank absentee ballot applications.
I assume that the document you have submitted is not such an application. Consequently, A.C.A. § 7-5-405 (c) is inapplicable in my opinion.
This does not mean, however, that the document you have submitted is unauthorized or that it cannot be distributed by third parties such as members of a political party or a political campaign. The applications that are furnished by the county clerk are not the exclusive means of applying for absentee ballots. Requests for absentee ballots may also be made by "letter or postcard" or by "a written request . . . over the telephone lines" pursuant to A.C.A. § 7-5-403 (a) (2) (B) (Supp. 2003). Section 7-5-403 addresses the absentee ballot application process, and states in pertinent part as follows regarding the absentee ballot request:
 (a)(1) Applications for absentee ballots must be signed by the applicant and verified by the county clerk by checking the voter's name, address, date of birth and signature from the registration records or, if sent by facsimile machine transmitted over telephone lines, the application must bear a verifiable facsimile of the applicant's signature.
 (2) Delivery of the request for an absentee ballot to the county clerk may be made in one (1) of the following ways, and in no other manner:
 (A) For applications submitted using the form prescribed in § 7-5-405. . . .
* * *
 (B) If the applicant does not use the form prescribed in § 7-5-405, he may make an application for an absentee ballot as follows:
 (i) A letter or postcard must be received in the office of the county clerk not later than seven (7) days before the date of the election. The letter or postcard shall contain information sufficient for the county board of election commissioners and the county clerk to accept the letter or postcard in lieu of the application form; or
 (ii) An applicant may transmit a written request for an absentee ballot over the telephone lines, which shall contain the voter's signature and other information sufficient for acceptance in lieu of the application form.
A.C.A. § 7-5-403 (a) (1) and (2) (emphasis added).
As you can see from the language emphasized above, a letter or postcard or a facsimile transmission is specifically authorized "in lieu of the application form [prescribed in § 7-5-405,]" assuming that it contains sufficient information. This provision clearly deemphasizes the form of the absentee ballot application, leading me to conclude that a document such as the one you have submitted likely suffices as long as the requisite information is included. In this regard, because the document is "in lieu of" the Secretary of State-prescribed form, it reasonably follows that its substance will be tested by § 7-5-405, although it need not contain precisely the same information. My review indicates that the document contains the requisite information. Accordingly, I believe it is a permissible method of applying for an absentee ballot, although it should be noted that this determination ultimately rests with the county board of election commissioners and the county clerk under the statute.
Regarding distribution of this or similar documents by political parties or campaigns, I find nothing to prohibit this action. Although A.C.A. §7-5-403 is silent in this regard, I do not read this silence as a prohibition, notwithstanding the provision in A.C.A. § 7-5-405 authorizing "[a]ny person [to] distribute blank applications for absentee ballots."Id. at subsection (c). As discussed above, this provision has reference to the applications that are made on a form prescribed by the Secretary of State and furnished by the county clerk. The forms are prepared at least two months in advance of the election (id. at subsection (a) (1)), and it is logical that the legislature would address their distribution. Consequently, I cannot infer a proscription against distribution of documents that might be used to make application for an absentee ballot under authority of A.C.A. § 7-5-403. Nor, in my opinion, is there any proscription against pre-printing a letter, postcard, or other written request as contemplated by § 7-5-403. The focus is on the content of the request. If the document contains sufficient information and is completed by the applicant, I believe it will meet the statutory requirements. Under those circumstances, I find nothing to prohibit distribution by a political party or campaign.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh